IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

CASE NO.: 2015-CA-004545
DIVISION:

SCOTT STRATMANN,

    Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign
insurance corporation, AAA MEMBERS
INSURANCE COMPANY, a foreign
insurance corporation, and
SOFIANE A. ABADLIA,

    Defendants.

_____/

## COMPLAINT

Plaintiff SCOTT STRATMANN by and through his undersigned counsel sues the

Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter

"STATE FARM"), Defendant AAA MEMBERS INSURANCE COMPANY (hereinafter

"AAA"), and Defendant SOFIANE A. ABADLIA and further states and alleges as follows:

1. This is an action for damages that exceeds fifteen thousand dollars ($15,000.00) exclusive of costs, interest and attorney's fees, if applicable.

2. At all material time hereto, Plaintiff was a resident of Prescott, Yavapai County, Arizona.

3. Venue is proper in Orange County, Florida, because the negligent acts occurred in that county.

4. Defendant STATE FARM is a foreign insurance corporation, authorized and doing business at all times material hereto in the State of Florida. STATE FARM has appointed

the Department of Financial Services of the State of Florida as its agent for accepting
service of process.

5. Defendant AAA MEMBERS INSURANCE COMPANY is a foreign insurance
corporation.   AAA MEMBERS INSURANCE COMPANY has appointed the
Department of Financial Services of the State of Florida as its agent for accepting service
of process.

6. On or about February 16, 2012, Defendant ABADLIA was operating a
2000 Kia Sportage on eastbound Radebaugh Way in Orange County, Florida.

7. On or about February 16, 2012, Plaintiff SCOTT STRATMANN was operating a 2012
Nissan Altima on eastbound Radebaugh Way west of its intersection with Millenia
Boulevard and stopped for traffic.

8. At that aforementioned time and place, Defendant SOFIANE A. ABADLIA failed to
control the 2000 Kia and caused a collision between the Kia and the 2012 Nissan Altima
operated by Plaintiff SCOTT STRATMANN.

## COUNT I – NEGLIGENCE OF SOFIANE A. ABADLIA

Plaintiff re-alleges and readopts paragraphs 1 through 8 from above, and for cause of action for
negligence against ABADLIA further states and alleges as follows:

9. At the aforementioned time and place, Defendant ABADLIA did so negligently and
carelessly maintain, operate and control the aforementioned motor vehicle so that it
collided with a vehicle driven by Plaintiff SCOTT STRATMANN.

10. As a result of the negligence of Defendant ABADLIA, Plaintiff suffered bodily injury
and resulting pain and suffering, disability, disfigurement, mental anguish, loss of

capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing, and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff SCOTT STRATMANN demands judgment for all aforementioned damages and any other damages against Defendant SOFIANE A. ABADLIA as allowable by Florida law to include taxable costs of litigation, and Plaintiff requests a trial by jury on all issues so triable.

## COUNT II - BREACH OF CONTRACT AGAINST DEFENDANT STATE FARM

Plaintiff re-alleges and readopts paragraphs 1 through 8 from above, and for cause of action for breach of contract against STATE FARM further states and alleges as follows:

11. At all times material hereto, Plaintiff was insured by Defendant STATE FARM pursuant to Policy No. 166 2605-B16-03C. This policy provided uninsured/underinsured motorist coverage. Attached hereto as Exhibit A is a copy of the insurance disclosure of STATE FARM.

12. At the time of the accident, Plaintiff was injured by an uninsured motorist, ABADLIA, as the term is defined in the insurance policy and within the meaning of §627.727, Florida Statutes.

13. On or about February 16, 2012, the Defendant STATE FARM provided uninsured motorist benefits for injuries and/or damages incurred by Plaintiff arising out of the ownership, operation, maintenance, or use of an uninsured motor vehicle.

14. On or about February 16, 2012, Defendant ABADLIA negligently operated the Kia Sportage and caused a collision between the Kia and the Nissan Altima operated by Plaintiff SCOTT STRATMANN.

15. ABADLIA's insurance coverage provided limited coverage, and the Plaintiff's injuries and damages exceed the available coverage for the ABADLIA's liability insurance.

16. Plaintiff SCOTT STRATMANN filed a claim with Defendant STATE FARM requesting uninsured/ underinsured motorist benefits pursuant to the insurance policy identified above. All conditions precedent to the recovery of benefits due under the uninsured motorist endorsement of the policy have been satisfied or waived by Defendant STATE FARM.

17. As a result of the negligence of ABADLIA, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing, and Plaintiff will suffer the losses in the future. State Farm is responsible by operation of law for the negligence of ABADLIA.

18. Defendant STATE FARM breached its policy of insurance with Plaintiff SCOTT STRATMANN by failing to pay benefits due under the policy.

19. Furthermore, by failing to pay benefits due under the policy, STATE FARM required the Plaintiff to retain counsel to represent him in establishing applicable coverage and in obtaining any uninsured motorist benefits. The denial of benefits by STATE FARM has

created an insurance coverage dispute within the meaning and intent of Florida Statute §627.428.

20. In the event the Court determines uninsured motorist coverage is applicable and an insurance coverage dispute exists, Plaintiff is entitled to recover any attorney fees and costs due to prevailing on a coverage dispute as to the availability of his uninsured motorist coverage.

WHEREFORE, Plaintiff SCOTT STRATMANN demands judgment for all aforementioned damages, attorney fees, prejudgment interest on liquidated damages, and any other damages against Defendant STATE FARM as allowable by Florida law to include taxable costs of litigation, and Plaintiff requests a trial by jury on all issues so triable.

## COUNT III - BREACH OF CONTRACT AGAINST
## DEFENDANT AAA MEMBERS INSURANCE COMPANY

Plaintiff re-alleges and readopts paragraphs 1 through 8 from above, and for cause of action for breach of contract against AAA MEMBERS INSURANCE COMPANY further states and alleges as follows:

21. At all times material hereto, Plaintiff was insured by Defendant AAA pursuant to Policy No. AZS-003225413. This policy provided uninsured/underinsured motorist coverage. Attached hereto as Exhibit B is a copy of the insurance disclosure of AAA.

22. At the time of the accident, Plaintiff was injured by an uninsured motorist, ABADLIA, as the term is defined in the insurance policy and within the meaning of §627.727, Florida Statutes.

23. On or about February 16, 2012, the Defendant AAA provided uninsured motorist benefits for injuries and/or damages incurred by Plaintiff arising out of the ownership, operation, maintenance, or use of an uninsured motor vehicle.

24. On or about February 16, 2012, Defendant ABADLIA negligently operated the Kia Sportage and caused a collision between the Kia and the Nissan Altima operated by Plaintiff SCOTT STRATMANN.

25. ABADLIA's insurance coverage provided limited coverage, and the Plaintiff's injuries and damages exceed the available coverage for the ABADLIA's liability insurance.

26. Plaintiff SCOTT STRATMANN filed a claim with Defendant AAA requesting uninsured/ underinsured motorist benefits pursuant to the insurance policy identified above. All conditions precedent to the recovery of benefits due under the uninsured motorist endorsement of the policy have been satisfied or waived by Defendant AAA.

27. As a result of the negligence of ABADLIA, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing, and Plaintiff will suffer the losses in the future. AAA is responsible by operation of law for the negligence of ABADLIA.

28. Defendant AAA breached its policy of insurance with Plaintiff SCOTT STRATMANN by failing to pay benefits due under the policy.

29. Furthermore, by failing to pay benefits due under the policy, AAA required the Plaintiff to retain counsel to represent him in establishing applicable coverage and in obtaining

any uninsured motorist benefits.  The denial of benefits by AAA has created an insurance coverage dispute within the meaning and intent of Florida Statute §627.428.

30. In the event the Court determines uninsured motorist coverage is applicable and an insurance coverage dispute exists, Plaintiff is entitled to recover any attorney fees and costs due to prevailing on a coverage dispute as to the availability of his uninsured motorist coverage.

WHEREFORE, Plaintiff SCOTT STRATMANN demands judgment for all aforementioned damages, attorney fees, prejudgment interest on liquidated damages, and any other damages against Defendant AAA as allowable by Florida law to include taxable costs of litigation, and Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted on this 18th day of May, 2015.

DAVID BEERS, ESQUIRE
Florida Bar No.: 0209872
Beers & Gordon, P.A.
313 S. Central Avenue
Oviedo, Florida 32765
(407) 862-1825  Telephone
(407) 862-9146  Facsimile
Attorneys for the Plaintiff
E-Service Address:
sean@beersandgordonlaw.com